UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE R.,<br><br>                    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | NO. 2:22-CV-0273-TOR<br><br>ORDER GRANTING PLAINTIFF'S<br>BRIEF AND DENYING<br>DEFENDANT'S BRIEF |

BEFORE THE COURT are the parties' briefs effectively seeking summary judgment in this case. ECF Nos. 11, 13. This matter was submitted for consideration without oral argument. The Court has reviewed the administrative record, the completed briefing, and is fully informed. For the reasons discussed below, Plaintiff's request for remand, ECF No. 11, is GRANTED, and Defendant's request to affirm the ALJ, ECF No. 13, is DENIED.

## JURISDICTION

The Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

1

**STANDARD OF REVIEW**

2      A district court's review of a final decision of the Commissioner of Social

3  Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

4  limited: The Commissioner's decision will be disturbed "only if it is not supported

5  by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

6  1158–59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence"

7  means relevant evidence that "a reasonable mind might accept as adequate to

8  support a conclusion." *Id.* at 1159 (quotation and citation omitted).  Stated

9  differently, substantial evidence equates to "more than a mere scintilla[,] but less

10  than a preponderance." *Id.* (quotation and citation omitted).  In determining

11  whether this standard has been satisfied, a reviewing court must consider the entire

12  record as a whole rather than searching for supporting evidence in isolation. *Id.*

13      In reviewing a denial of benefits, a district court may not substitute its

14  judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152,

15  1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

16  rational interpretation, [the court] must uphold the ALJ's findings if they are

17  supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674

18  F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an

19  ALJ's decision on account of an error that is harmless." *Id.*  An "error is harmless

20  where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* at

1115 (citation omitted).  The party appealing the ALJ's decision generally bears

the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396,

409–10 (2009).

### FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within

the meaning of the Social Security Act.  First, the claimant must be unable "to

engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than 12

months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's

impairment must be "of such severity that [he or she] is not only unable to do [his

or her] previous work[,] but cannot, considering [his or her] age, education, and

work experience, engage in any other kind of substantial gainful work which exists

in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to

determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§

404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).  At step one, the Commissioner

considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i),

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

**ALJ'S FINDINGS**

On February 7, 2020, Plaintiff filed an application for Title II disability insurance benefits and Title XVI supplemental security income benefits, alleging an onset date of November 20, 2019. Tr. 238–45. The applications were denied initially on July 20, 2020, Tr. 57–82, and again on reconsideration on October 5, 2020. Tr. 85–114. Plaintiff appeared at a telephonic hearing before an administrative law judge ("ALJ") on October 22, 2021. Tr. 33–56. The ALJ denied Plaintiff's claim on November 10, 2021. Tr. 15–27. On September 23, 2022, the Appeals Council denied review, Tr. 1–6, making the decision final for purposes of judicial review. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210.

The ALJ found Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2024. Tr. 17. At step one of the sequential evaluation, the ALJ found Plaintiff has not engaged in substantial gainful activity since November 20, 2019, the alleged onset date. *Id*. At step two, the ALJ found

Plaintiff has the following severe impairments: morbid obesity, fibromyalgia, functional movement disorder, tachycardia, anxiety disorder, and PTSD. *Id.* At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments. Tr. 18. The ALJ then found Plaintiff had the RFC to perform a full range of sedentary work with the following limitations:

> [Plaintiff] needs the option to take 15-20 seconds for any shifts from sitting to standing; she can frequently balance, kneel, and crawl, but only occasionally climb, stoop, and crouch; she cannot have concentrated exposure to pulmonary irritants or hazards, such as unprotected heights and moving mechanical parts; and she can have only superficial contact with the public, supervisors, and coworkers.

Tr. 20.

At step four, the ALJ did not make a finding about whether Plaintiff is able to perform any past relevant work. Tr. 25. At step five, the ALJ found, based on Plaintiff's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as escort vehicle driver, document preparer, and nut sorter. Tr. 26. The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from November 20, 2019 through November 10, 2021, the date of the ALJ's decision. Tr. 27–28.

**ISSUES**

1. Whether the ALJ properly conducted a step two evaluation;

2. Whether the ALJ properly assessed Plaintiff's subjective complaints;

3. Whether the ALJ properly evaluated the medical opinion evidence; and

4. Whether the ALJ properly conducted a step five evaluation.

ECF No. 14 at 7.

**DISCUSSION**

**I.    Step Two**

Plaintiff contends the ALJ erred at step two by finding Plaintiff's impairments such as diabetes and headaches as non-severe.  ECF No. 11 at 6–8.

At step two of the sequential process, the ALJ must determine whether a claimant suffers from a "severe" impairment, i.e., one that significantly limits her physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  To show a severe impairment, the claimant must first prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.  20 C.F.R. §§ 404.1521, 416.921.

An impairment may be found non-severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work

. . . .”  Social Security Ruling (SSR) 85-28, 1985 WL 56856, at *3.  Similarly, an impairment is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities, which include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine work setting.  20 C.F.R. §§ 404.1522, 416.922; *see also* SSR 85-28.

Step two is "a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted).  "Thus, applying our normal standard of review to the requirements of step two, [the Court] must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments."  *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

The ALJ found Plaintiff's diabetes, hypertension, hyperlipidemia, PMS, and headaches were not severe medically determinable impairments where they are effectively controlled with medication or medical treatment.  Tr. 18.  The ALJ found that Plaintiff receives care for type 2 diabetes mellitus without complication or long-term current insulin use since at least April 2019, Plaintiff reported glucose

levels of 100-300 in February 2019, Plaintiff has good clinical response to Metformin and Victoza, Plaintiff's blood pressure is well controlled with Lisinopril, and Plaintiff was prescribed birth control for hormonal management for symptoms associated with PMS. *Id.* This is a valid basis to find impairments non-severe. 20 C.F.R. §§ 404.1522, 416.922; *see also Bagdasaryan v. Saul*, 787 F. App'x 423, 424 (9th Cir. 2019) (upholding finding impairments were non-severe when "well-controlled with medication and did not required specialist care").

Even if the ALJ's decision was error, any error would be harmless because the step was resolved in Plaintiff's favor and the ALJ considered Plaintiff's limitations resulting from these impairments when assessing Plaintiff's residual functional capacity. *Burch v. Barnhart*, 400 F.3d 676, 682–83 (9th Cir. 2005) (finding harmless error where the ALJ failed to identify an impairment as severe at step two but accounted for the impairment at step five).

## II.    Plaintiff's Symptom Testimony

Plaintiff contends the ALJ did not rely on clear and convincing reasons in rejecting Plaintiff's subjective complaints. ECF No. 11 at 11–18.

An ALJ engages in a two-step analysis to determine whether a claimant's subjective symptom testimony can be reasonably accepted as consistent with the objective medical and other evidence in the claimant's record. Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine

whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)).  "The claimant is not required to show that her impairment 'could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted).  General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims).  "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

ORDER GRANTING PLAINTIFF'S BRIEF AND DENYING DEFENDANT'S BRIEF ~ 11

1    The ALJ is instructed to "consider all of the evidence in an individual's

2  record," "to determine how symptoms limit ability to perform work-related

3  activities."  SSR 16-3p, 2016 WL 1119029, at *2.  When evaluating the intensity,

4  persistence, and limiting effects of a claimant's symptoms, the following factors

5  should be considered: (1) daily activities; (2) the location, duration, frequency, and

6  intensity of pain or other symptoms; (3) factors that precipitate and aggravate the

7  symptoms; (4) the type, dosage, effectiveness, and side effects of any medication

8  an individual takes or has taken to alleviate pain or other symptoms; (5) treatment,

9  other than medication, an individual receives or has received for relief of pain or

10  other symptoms; (6) any measures other than treatment an individual uses or has

11  used to relieve pain or other symptoms; and (7) any other factors concerning an

12  individual's functional limitations and restrictions due to pain or other symptoms.

13  *Id*. at *7–8; 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

14    Here, the ALJ found Plaintiff's impairments could reasonably be expected to

15  cause some of the alleged symptoms.  Tr. 23.  However, the ALJ found Plaintiff's

16  statements concerning the intensity, persistence, and limiting effects of those

17  symptoms were not entirely consistent with the other evidence in the record.  Tr.

18  24.

19    *1. Excessive Sweating*

20    The ALJ found Plaintiff's allegation of excessive sweating failed the first

ORDER GRANTING PLAINTIFF'S BRIEF AND DENYING
DEFENDANT'S BRIEF ~ 12

prong on the symptom-evaluation test where there is no medically-determinable impairment that could reasonably be expected to cause this symptom. Tr. 24. The ALJ noted that no physical exam has documented the profuse sweating she alleges. *Id.*

Plaintiff contends that several of her impairments "are sometimes known to cause sweating, including morbid obesity, diabetes, tachycardia, PCOS, anxiety disorder, and PTSD." ECF No. 11 at 12–13. Plaintiff cited to the record where medical providers observed Plaintiff's increased perspiration. ECF No. 11 at 13 (citing Tr. 361, 372, 481).

The ALJ erred in summarily finding Plaintiff's excessive sweating could not reasonably be expected to be caused by any of her medically determinable impairments and in finding no physical exam documented Plaintiff's sweating. The ALJ cites to treatment notes associating Plaintiff's sweating with her tachycardia. Tr. 22. Additionally, as pointed out by Plaintiff, physical exams document Plaintiff's perspiration. *See* Tr. 361, 372, 481. Therefore, the ALJ's finding was not supported by substantial evidence. On remand, the ALJ is instructed to reconsider Plaintiff's symptom testimony regarding excessive sweating and its impact on her RFC, if any.

2. *Objective Medical Evidence*

Plaintiff challenges the ALJ's finding that Plaintiff's symptom testimony

was not supported by the objective medical evidence.  ECF No. 11 at 19.

Objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects.  20 C.F.R. §§ 404.1529(c)(2); 416.929(c)(2).  However, an ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence.  *Id.*

The ALJ found the objective medical evidence otherwise unremarkable, with physical exams showing no distress, normal gait, normal neurological findings, and rarely, tremor that decreases with distraction, and almost entirely normal mental status exams.  Tr. 24.  The ALJ's finding is supported by substantial evidence.

### 3.   *Course of Treatment*

Plaintiff contends the ALJ erred in finding her course of treatment contradicted her symptom testimony because the it was the only available course of treatment for her impairments.  ECF No. 11 at 14.  Plaintiff contends her conditions of fibromyalgia, diabetes, obesity, and mental health disorders can typically only be treated with conservative methods such as medications, lifestyle changes, and therapy.  *Id.*

A claimant's course of treatment and any other measures taken to relieve

symptoms are relevant factor in considering the severity of symptom allegations.

20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *see also Tommasetti v. Astrue*, 533

F.3d 1035, 1040 (9th Cir. 2008) (recognizing that a favorable response to treatment

can undermine a claimant's complaints of debilitating pain or other severe

limitations).  A claimant's "unexplained, or inadequately explained, failure to seek

treatment or follow a prescribed course of treatment" can undermine symptoms

reports.  *Fair v. Bowen*, 885 F.2d 597, 603-04 (9th Cir. 1989).

The ALJ found Plaintiff pursued a routine, conservative course of treatment,

including that she did not begin mental health treatment counseling until a few

months ago, she engaged in low-frequency counseling, sought only one

rheumatology consult with no follow-up, sought minimal treatment for migraines,

and sought no treatment with a neurologist.  Tr. 24.  The ALJ's finding is

supported by substantial evidence.

### 4.  *Inconsistent Statements*

Plaintiff contends the ALJ erred in supporting his assertion that Plaintiff's

reports to providers are inconsistent with disability.  ECF No. 11 at 15.  Plaintiff

contends her ability to walk 15-30 minutes in a grocery store does not indicate she

is capable of doing sedentary work for up to two hours daily.  *Id.*

In considering a claimant's symptoms, the ALJ may consider a claimant's

inconsistent statements.  *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

1    The ALJ found Plaintiff's pattern of past, contemporaneously-recorded

2 reports to providers was inconsistent with disability.  The ALJ noted she reported

3 very low PHQ-9 and GAD-7 scores throughout the record, reported she does not

4 faint, can walk 15-30 minutes in a grocery store, and once reported that her overall

5 pain was tolerable.  Tr. 24.  The ALJ also found her weekly migraines at times not

6 congruent with past reports, which reflect few reports.  *Id.*  The Court notes that

7 the ALJ does not explain how some of these past reports, such as no fainting or the

8 amount Plaintiff is able to walk, is inconsistent with Plaintiff's symptom

9 testimony.  As this matter is already remanded, the ALJ is instructed to reconsider

10 this factor.

11        *5.  Daily Activities*

12    Plaintiff challenges the ALJ's finding that Plaintiff's symptom testimony

13 conflicted with her daily activities.  ECF No. 11 at 15–16.

14    A claimant's daily activities is a relevant factor in assessing a claimant's

15 symptoms.  20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).  An adverse credibility

16 finding is warranted if (1) Plaintiff's activities contradict other testimony, or (2)

17 Plaintiff "is able to spend a substantial part of [her] day engaged in pursuits

18 involving the performance of physical functions that are transferable to a work

19 setting."  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citation omitted).

20

The ALJ found Plaintiff has high-functioning daily activities.  Tr. 24.  The ALJ noted Plaintiff makes the bed, works on crafts, makes meals, does laundry, washes dishes, plants flowers, goes outside daily, goes out alone, drives, shops in stores, manages financial accounts, and regularly goes to church.  *Id.*  The ALJ noted Plaintiff "essentially" alleges she is bed-bound, yet she is functioning "essentially unimpaired."  *Id.*

The ALJ finding that her activities contradict Plaintiff's testimony that "essentially" claims she is "bed-bound" is not supported by substantial evidence in that Plaintiff did not claim to be "essentially bed bound."  While it may be presumed, the ALJ did not address whether her "essentially unimpaired daily functioning" supports physical functions transferable to a work setting.  Therefore, the ALJ is instructed to reconsider this factor on remand.

### 6.  *Treating Providers*

The ALJ found that "[t]he fact that none of the medical professional who know the claimant best has endorsed disabling limitations … provides multiple points of confirmation that the claimant is not disabled."  Plaintiff contends the ALJ erred because the record contains no opinion from a treating provider that states Plaintiff's functional limitations are not disabling.  ECF No. 11 at 17–18.  While reasonable inferences may be drawn, an ALJ must not use "presumptions, speculations and suppositions."  SSR 82-62.  The Court agrees, and finds the

1    ALJ's finding was not supported by substantial evidence, but rather speculation

2    and suppositions.  As this matter is already remanded, the ALJ is instructed to

3    reconsider this factor.

### III.    Medical Opinion Evidence

5    Plaintiff challenges the ALJ's evaluation of the medical opinion of Dr.

6    Khurana.  ECF No. 11 at 8–11.

7    For claims filed on or after March 27, 2017, new regulations apply that

8    change the framework for how an ALJ must evaluate medical opinion evidence.

9    20 C.F.R. §§ 404.1520c, 416.920c; *see also Revisions to Rules Regarding the*

10    *Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18,

11    2017).  The ALJ applied the new regulations because Plaintiff's claims were filed

12    after March 27, 2017.

13    Under the new regulations, the ALJ will no longer "give any specific

14    evidentiary weight . . . to any medical opinion(s)."  *Revisions to Rules*, 2017 WL

15    168819, 82 Fed. Reg. 5844-01, 5867–68.  Instead, an ALJ must consider and

16    evaluate the persuasiveness of all medical opinions or prior administrative medical

17    findings from medical sources.  20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

18    The factors for evaluating the persuasiveness of medical opinions and prior

19    administrative medical findings include supportability, consistency, relationship

20    with the claimant, specialization, and "other factors that tend to support or

ORDER GRANTING PLAINTIFF'S BRIEF AND DENYING
DEFENDANT'S BRIEF ~ 18

contradict a medical opinion or prior administrative medical finding" including but not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5).

The ALJ is required to explain how the most important factors, supportability and consistency, were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). These factors are explained as follows:

(1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).

The ALJ may, but is not required to, explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). However, where two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how "the most persuasive factors" were considered. 20 C.F.R. §§ 404.1520c(b)(2) 416.920c(b)(2).

ORDER GRANTING PLAINTIFF'S BRIEF AND DENYING DEFENDANT'S BRIEF ~ 19

1    These regulations displace the Ninth Circuit's standard that require an ALJ

2    to provide "specific and legitimate" reasons for rejecting an examining doctor's

3    opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). As a result, the

4    ALJ's decision for discrediting any medical opinion "must simply be supported by

5    substantial evidence." *Id.*

6        The ALJ found Dr. Khurana's opinion unpersuasive. Tr. 24–25. Dr.

7    Khurana opined Plaintiff's complexity and severity of medical and psychiatric

8    illnesses make it unrealistic for her to ever work again in a meaningful, long-term

9    capacity. Tr. 24. Dr. Khurana found Plaintiff has moderate to marked difficulty

10   with simple instructions, moderately to markedly impaired work-related judgments

11   and ability to carry out more complex instructions, mild to moderate impairment in

12   understanding, severe impairment for sustained concentration and persistence,

13   severe impairment in social interactions, and marked impairment in responding to

14   changes in the work routine. *Id.*

15       As to supportability, the ALJ found the opinion unsupported by his own

16   exam findings that Plaintiff was friendly, attentive, communicative, casually

17   groomed, happy-appearing, cooperative, attentive with normal speech, mood ok

18   with fairly bright affects, insight and judgment intact, and completion of tests such

19   as serial 7s and spelling WORLD backwards. Tr. 25. As to consistency, the ALJ

20

found the opinion inconsistent with the treatment record showing little to no anxiety or depression and minimal health treatment. *Id.*

The Court finds that the ALJ provided substantial evidence for finding Dr. Khurana's opinion unpersuasive.

### IV.    Step Five

Plaintiff contends the ALJ erred by failing to conduct an adequate analysis at step five. ECF No. 11 at 18–20. Plaintiff asserts the ALJ erred in providing the vocational expert an incomplete hypothetical. *Id.* In light of the Court's instruction to remand, the ALJ is instructed to conduct a new sequential analysis taking in the above considerations.

### CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is not free of harmful legal error. Remand is appropriate.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Brief (effectively a motion for summary judgment), ECF No. 11, is **GRANTED.**

2.  Defendant's Brief (effectively a motion for summary judgment), ECF No. 13, is **DENIED**.

3.  This case is **REVERSED** and **REMANDED** pursuant to sentence four

of 42 U.S.C. § 405(g) for further administrative proceedings consistent

with this Order.

The District Court Executive is directed to enter this Order and Judgment for

Plaintiff accordingly, furnish copies to counsel, and **CLOSE** the file.

DATED June 23, 2023.



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFF'S BRIEF AND DENYING
DEFENDANT'S BRIEF ~ 22